STUART C. CLARK (#124152)
JASON T. ANDERSON (#212938)
CARR & FERRELL LLP
2225 East Bayshore Road, Suite 200
PALO ALTO CA 94303
Telephone: (650) 812-3400
Facsimile:  (650) 812-3444

Attorneys for Plaintiff Objectivity, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OBJECTIVITY, INC., | ) | NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR COPYRIGHT |
| v. | ) | INFRINGEMENT AND TRADE |
| | ) | SECRET MISAPPROPRIATION |
| MARCONI COMMUNICATIONS, | ) | |
| INC.; and BELL SOUTH | ) | |
| CORPORATION, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

I.   INTRODUCTION

1.   Plaintiff Objectivity, Inc. ("OBJECTIVITY") brings this action for copyright infringement against defendant Marconi Communications, Inc. ("MARCONI") and certain MARCONI customers, including defendant Bell South Corporation ("BELL") and certain other infringing customers who will be identified in the course of discovery, and added as defendants. This action arises out of the unlawful use and sub-licensing by MARCONI of a certain software product known as IPLS. Despite demands by OBJECTIVITY that they should cease and desist from such copyright infringement, MARCONI, BELL SOUTH, and other customers

COMPLAINT FOR COPYRIGHT INFRINGEMENT                                                          1
AND TRADE SECRET MISAPPROPRIATION

of MARCONI have persisted in the infringement of OBJECTIVITY'S copyright, thereby necessitation this action.  MARCONI seeks damages, forfeiture of profits from the infringement, injunctive relief, impounding and destruction of all infringing copies of the software, and costs (including reasonable attorney fees).

## II.   JURISDICTION

2.   The claims asserted in this action arise principally under the Copyright Act, 17 U.S.C., sections 101 et. seq.  This Court has jurisdiction over such claims under 28 U.S.C. sections 1331 and 1338, and it has jurisdiction over the other claims asserted in the action under 28 U.S.C. section 1367(a).

## III.   VENUE

3.   Venue for this action is proper in the Northern District of California, under 28 U.S.C. sections 1391(b) and 1400(b), in that MARCONI conducts business in this district, and has an established place of business in the district.  Further, a substantial part of the impact of the events and omissions, including acts of copyright infringement and trade secret misappropriation giving rise to these claims, occurred in this district.

## IV.   INTRADISTRICT ASSIGNMENT

4.   For the purposes of Civil L.R. 3-2(b), this action arises in the San Jose Division, in that a substantial part of the impact of the events and omissions which gave rise to the claims occurred in the county of Santa Clara.

## V.   PARTIES

5.   Plaintiff Objectivity, Inc. ("OBJECTIVITY"), is a corporation which has its principal place of business in Mountain View, California, in the County of Santa

Clara.  OBJECTIVITY is engaged in the development and licensing of software database applications.

6.     Defendant Marconi Communications, Inc. ("MARCONI") is, on information and belief, a United Kingdom corporation that conducts business in, among other places, Petaluma, California.  OBJECTIVITY is informed and believes, and thereon alleges, that MARCONI is engaged in the business of providing broadband and IT infrastructure solutions.

7.     Defendant Bell South Corporation ("BELL SOUTH") is a corporation headquartered in Atlanta, Georgia, having sufficient contacts with the County of Santa Clara within this District to make it a "resident" of said county as defined in 28 U.S.C. §1391(c).  OBJECTIVITY is informed and believes, and thereon alleges, that BELL SOUTH is engaged in the business of providing multi-faceted business and residential communication services.

VI.     GENERAL ALLEGATIONS

8.     As of December 31, 1999, OBJECTIVITY and MARCONI entered into a VAR Master Agreement, (the "VAR Agreement") under which OBJECTIVITY licensed MARCONI to use certain database software, hereinafter described as the OBJECTIVITY/DB Software.

9.     On or about June 29, 2001, OBJECTIVITY provided to MARCONI, for evaluation, an independent software program known as In Process Lock Server software (the "IPLS Software").  The IPLS Software was provided in conjunction with a time-sensitive proposal under which MARCONI would be entitled to license the IPLS Software from OBJECTIVITY at a discounted price.  The IPLS Software

was provided apart and completely separately from the VAR Agreement.

10. The IPLS Software was designed to provide substantial performance enhancements to the OBJECTIVITY/DB Software, and was made available for MARCONI'S evaluation on the express condition that it could not be used or sub-licensed or incorporated into any MARCONI product, unless and until MARCONI entered into a further license agreement with OBJECTIVITY with respect to the IPLS Software, and paid the appropriate license fees to OBJECTIVITY.

11. MARCONI never entered into a license agreement with OBJECTIVITY with respect to the IPLS Software, and never paid the requisite license fee for the use of such software.

12. During or about July of 2001, OBJECTIVITY learned for the first time that MARCONI was using the IPLS Software other than for evaluation alone, and was also incorporating that software with MARCONI'S own bundled software packages offered and distributed to numerous MARCONI customers, including BELL SOUTH, without permission from OBJECTIVITY.

13 On information and belief, BELL SOUTH and other customers of MARCONI are using the IPLS Software, as a component of MARCONI'S own bundled software packages. Such use is occurring without permission from OBJECTIVITY, and in disregard of OBJECTIVITY'S cease and desist demands addressed to MARCONI.

14 By letter dated August 24, 2001, OBJECTIVITY demanded that MARCONI either purchase a license for the IPLS Software, or certify in writing that it has ceased using all copies of the IPLS Software in its possession, and that

any copies of the IPLS Software distributed by MARCONI have been destroyed. To date, MARCONI has failed and/or refused to comply with OBJECTIVITY'S demands.

15    On information and belief, MARCONI and Customer Defendants continue to retain in its possession and utilize software programs which include part or all of the IPLS Software.

16.    The IPLS Software has been registered under the Copyright Act.

## VII.    FIRST CAUSE OF ACTION
(Copyright Infringement - MARCONI)

17    OBJECTIVITY realleges, as if specifically incorporated herein, the allegations in paragraphs 1 through 16 above.

18.    MARCONI'S conduct, described above, constitutes infringement of OBJECTIVITY'S copyright in the IPLS Software.

19.    As a consequence of MARCONI'S possession, use, and/or threatened use of the IPLS Software, OBJECTIVITY has sustained and continues to sustain irreparable injury for which there is no adequate legal remedy. OBJECTIVITY will continue to suffer irreparable injury unless MARCONI'S activities are enjoined.

20.    MARCONI'S infringing use of the IPLS Software has also caused OBJECTIVITY to suffer actual damages in an amount to be determined at trial.

WHEREFORE, OBJECTIVITY prays for judgment as set out in the Prayer below.

## VIII.    SECOND CAUSE OF ACTION
(Copyright Infringement – BELL SOUTH)

21.    OBJECTIVITY realleges, as if specifically incorporated herein, the

allegations in paragraphs 1 through 16, above.

22. Upon information and belief, BELL SOUTH:

(a) currently has access to or possession of software obtained from MARCONI which incorporates the IPLS Software; and,

(b) has infringed OBJECTIVITY'S copyright by using such MARCONI software, including the IPLS Software, and/or it is likely to do so in the future.

23. As a consequence of BELL SOUTH'S possession, use, and/or threatened use of the IPLS Software, OBJECTIVITY has sustained and will continue to sustain irreparable injury for which there is no adequate legal remedy. OBJECTIVITY will continue to suffer irreparable injury unless BELL SOUTH'S' activities are enjoined.

24. BELL SOUTH'S infringement of the IPLS Software has also caused OBJECTIVITY to suffer actual damages in an amount to be determined at trial.

WHEREFORE, OBJECTIVITY prays for judgment as set out in the Prayer below.

### IX. THIRD CAUSE OF ACTION
(Misappropriation of Trade Secrets - MARCONI)

25. OBJECTIVITY realleges, as if specifically incorporated herein, the allegations in paragraphs 1 through 15 above.

26. The IPLS Software comprises and constitutes information which derives independent economic value from not being generally known to the public, and is and has always been subject to reasonable efforts to maintain its secrecy. Accordingly, the IPLS Software constitutes a trade secret for the purposes of the Uniform Trade Secrets Act, California Civil Code section 3426, et. seq.

27.     OBJECTIVITY is informed and believes, and on that basis alleges, that MARCONI has used, and continues to use, the IPLS Software, in the course of its business.  On information and belief, such use includes but is not limited to the incorporation of the IPLS Software into software products sold or licensed by MARCONI to BELL SOUTH and other customers.

28.     MARCONI'S use of the IPLS Software is without the consent of OBJECTIVITY, and constitutes trade secret misappropriation as defined in California Civil Code section 3426.1.

29.     As a proximate result of the actions of MARCONI, OBJECTIVITY has been damaged in an amount according to proof at trial.  OBJECTIVITY will continue to sustain damages unless MARCONI is enjoined from using the IPLS Software.

30.     OBJECTIVITY is informed and believes, and on that basis alleges, that as an additional consequence of its misappropriation of the IPLS Software, MARCONI been unjustly enriched in an amount to be determined at trial.

31.     The aforesaid wrongful acts of MARCONI, as alleged above, were willful, fraudulent and undertaken with a conscious disregard for the rights of OBJECTIVITY, and justify the award of exemplary damages, as well as an award of reasonable attorney's fees, under Civil Code section 3426.3.

WHEREFORE, OBJECTIVITY prays for judgment as set out in the Prayer below.

X.     PRAYER

WHEREFORE, OBJECTIVITY prays for judgment as follows:

1. On the First Cause of Action against MARCONI, for copyright infringement:

    (a) for an injunction restraining MARCONI from using, selling, or otherwise dealing with the IPLS Software;

    (b) for an order requiring MARCONI to turn over to the United States Marshal, for destruction, all copies of software containing IPLS Software;

    (c) for damages according to proof;

    (d) for an award of the profits earned by MARCONI from its infringing use of the IPLS Software;

    (e) for attorney's fees and costs.

2. On the Second Cause of Action against BELL SOUTH, for copyright infringement:

    (a) for an injunction restraining BELL SOUTH from using, selling, or otherwise dealing with the IPLS Software;

    (b) for an order requiring BELL SOUTH to turn over to the United States Marshal, for destruction, all copies of software containing IPLS Software;

    (c) for damages according to proof;

    (d) for an award of the profits earned by BELL SOUTH from ITS infringing use of the IPLS Software;

    (e) for attorney's fees and costs.

3. On the Third Cause of action against MARCONI, for misappropriation of trade secrets:

    (a) for compensatory damages according to proof, and/or forfeiture of the

profits generated by the unlawful use of the IPLS Software;

      (b)    for an injunction restraining MARCONI from using, selling, or otherwise dealing with the IPLS Software;

      (c)    for an order requiring MARCONI to turn over to the United States Marshal, for destruction, all copies of software containing IPLS Software;

      (d)    reasonable attorney's fees;

4.    On all causes of action:

      (a)    for interest at the legal rate on all money judgments in OBJECTIVITY'S favor;

      (b)    for costs, including reasonable attorney fees;

(c)    for such further relief as this Court deems necessary and proper.

DATE:  October         , 2001              CARR & FERRELL LLP

By: _____
     JASON T. ANDERSON

Attorneys for OBJECTIVITY, INC,

## DEMAND FOR JURY TRIAL

OBJECTIVITY hereby demands a jury trial of all issues in the action which are triable to a jury.

DATE:  October            , 2001            CARR & FERRELL LLP


By: _____
　　　　JASON T. ANDERSON

Attorneys for OBJECTIVITY, INC.