1    LATHAM & WATKINS
        Linda M. Inscoe (Bar No. 125194)
2       Gabriel G. Gregg (Bar No. 187333)
     505 Montgomery Street, Suite 1900
3    San Francisco, California 94111-2562
     Telephone: (415) 391-0600
4    Facsimile: (415) 395-8095

5    Attorneys for Defendant
     MARCONI COMMUNICATIONS, INC.

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9                             SAN JOSE DIVISION

10

11
                                          )    CASE NO. C 01-20927 JF (PVT)
12   OBJECTIVITY, INC.,                   )
                                          )
13              Plaintiff,                )    DEFENDANT MARCONI
                                          )    COMMUNICATIONS, INC.'S
14         v.                             )    ORIGINAL ANSWER AND
                                          )    COUNTERCLAIM
15   MARCONI COMMUNICATIONS, INC., and    )
     BELL SOUTH CORPORATION,              )
16                                        )    Date:   Not Set
                Defendants.               )    Time:  Not Set
17                                        )    Court: Courtroom 3
                                          )    Judge: Hon. Jeremy Fogel
18                                        )
                                          )
19   _____)
                                          )
20   AND RELATED COUNTERCLAIMS.           )

21

22

23

24

25

26

27

28

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

Defendant Marconi Communications, Inc. ("Marconi") answers the allegations of plaintiff Objectivity, Inc. ("Plaintiff") as follows:

<u>**INTRODUCTION**</u>

Marconi generally denies all the allegations contained in Plaintiff's Original Complaint against Marconi Communications, Inc. and Bell South Corporation (the "Original Complaint") except for those expressly admitted herein.  Pleading specifically in response to the corresponding paragraphs of the Original Complaint, Marconi admits, denies and alleges as follows:

1.       With regard to the allegations contained in paragraph 1 of the Original Complaint, Marconi admits that Plaintiff purports to bring an action for copyright infringement against Marconi and BellSouth Corporation, but denies that Plaintiff is entitled to any relief.  Defendant admits it used the IPLS portion of the Objectivity/DB software, but denies that this use was unlawful and otherwise denies any factual allegations in the second sentence of paragraph 1. Defendant admits that Plaintiff made demands on Marconi to cease and desist using the IPLS portion of the Objectivity/DB software, but denies any remaining factual allegations in the third sentence of paragraph 1.  Marconi admits that it intends to seek damages from Plaintiff, but denies the remainder of the allegations contained in last sentence of paragraph 1 of the Original Complaint.

<u>**JURISDICTION**</u>

2.       With respect to Plaintiff's allegations concerning subject matter jurisdiction, paragraph 2 of the Original Complaint contains statements of law, which Marconi is not required to admit or deny.  Marconi admits that the Court has subject matter jurisdiction over Plaintiff's allegations arising out of alleged violations of the Copyright Act, 17 U.S.C., sections 101 et. seq., but denies that Plaintiff is entitled to any relief.

<u>**VENUE**</u>

3.       With respect to Plaintiff's allegations concerning venue, paragraph 3 of the Original Complaint contains statements of law, and as such, Marconi is not required to admit or deny such statements.  Marconi admits that it conducts business in the Northern District of

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

California but denies that it has an established place of business there.  Marconi denies the factual allegations contained in the last sentence of paragraph 3 of the Original Complaint.

## INTRADISTRICT ASSIGNMENT

4.      Marconi denies the factual allegations in paragraph 4 of the Original Complaint.

## PARTIES

5.      Marconi is without information or belief sufficient to admit or deny the allegations contained in paragraph 5 of the Original Complaint and, on that basis, denies such allegations.

6.      Marconi denies the allegations contained in the first sentence of paragraph 6 of the Original Complaint, except to admit that it has conducted business in Petaluma, California. As to the second sentence, Marconi admits that it is in the telecommunications business which includes providing broadband solutions, but otherwise denies the factual assertions therein.

7.      Marconi is without information or belief sufficient to admit or deny the allegations contained in paragraph 7 of the Original Complaint and, on that basis, denies such allegations.

## GENERAL ALLEGATIONS

8.      Marconi admits the allegations contained in paragraph 8 of the Original Complaint.

9.      Marconi denies the allegations contained in paragraph 9 of the Original Complaint.

10.      Marconi denies the allegations contained in paragraph 10 of the Original Complaint.

11.      Marconi denies the allegations contained in paragraph 11 of the Original Complaint.

12.      Marconi denies the allegations contained in paragraph 12 of the Original Complaint.

13.      Marconi denies the allegations contained in paragraph 13 of the Original Complaint.

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

14.     With respect to the allegations contained in the first sentence of paragraph 14 of the Original Complaint, Marconi admits that Plaintiff sent Marconi a letter dated August 24, 2001, in which its lawyer stated "Marconi must either purchase the right to use the IPLS software, at Plaintiff's standard list price, or certify that both it and its customers have cease to use that software." Marconi denies the remainder of the allegations in that sentence. With respect to the second sentence of paragraph 14 of the Original Complaint, Marconi states that it and its customers have ceased to use the IPLS portion of the Objectivity/DB software, but denies any further factual allegations set forth therein.

15.     With respect to the allegations contained in paragraph 15 of the Original Complaint, Marconi admits that the IPLS selection remains on the Objectivity/DB software licensed by Marconi and provided to Marconi by Plaintiff, but denies that it or its customers are using the IPLS portion of the Objectivity/DB software.

16.     Marconi is without information or belief sufficient to admit or deny the allegations contained in paragraph 16 of the Original Complaint and, on that basis, denies such allegations.

## FIRST CAUSE OF ACTION

17.     Marconi admits that Plaintiff purports to reallege and incorporate all the allegations made in paragraph 1-16 of the Original Complaint and Marconi realleges its answer as to such paragraphs.

18.     Marconi denies the allegations contained in paragraph 18 of the Original Complaint.

19.     Marconi denies the allegations contained in paragraph 19 of the Original Complaint.

20.     Marconi denies the allegations contained in paragraph 20 of the Original Complaint and further denies that Plaintiff is entitled to the relief set out in its prayer.

## SECOND CAUSE OF ACTION

21.     Marconi admits that Plaintiff purports to reallege and incorporate all the allegations made in paragraphs 1-16 of the Original Complaint and Marconi realleges its answer

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

as to such paragraphs.

22.     Marconi denies the allegations contained in paragraph 22 of the Original Complaint.

23.     Marconi denies the allegations contained in paragraph 23 of the Original Complaint.

24.     Marconi denies the allegations contained in paragraph 24 of the Original Complaint and further denies that Plaintiff is entitled to the relief set out in its prayer.

## THIRD CAUSE OF ACTION

25.     Marconi admits that Plaintiff purports to reallege and incorporate all the allegations made in paragraphs 1-15 of the Original Complaint and Marconi realleges its answer as to such paragraphs.

26.     Marconi is without information or belief sufficient to admit or deny the allegations contained in paragraph 26 of the Original Complaint; therefore, they are denied.

27.     With respect to the allegations contained in paragraph 27 of the Original Complaint, Marconi admits that with the permission of Plaintiff it has used the IPLS portion of the Objectivity/DB software in the course of its business, including in products Marconi has sold to BellSouth and other customers; however, Marconi denies that it continues to use the IPLS portion of the Objectivity/DB software in any capacity.

28.     Marconi denies the allegations contained in paragraph 28 of the Original Complaint.

29.     Marconi denies the allegations contained in paragraph 29 of the Original Complaint.

30.     Marconi denies the allegations contained in paragraph 30 of the Original Complaint.

31.     Marconi denies the allegations contained in paragraph 31 of the Original Complaint and further denies that Plaintiff is entitled to the relief set out in its prayer.

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

5

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

**PRAYER**

1.      With respect to Plaintiff's Prayer for Relief, Marconi admits that Plaintiff purports to seek the relief requested in its prayer, but denies that Plaintiff is entitled to any of the relief it seeks.

2.      Marconi denies any allegations not expressly admitted herein.

3.      WHEREFORE, Defendant Marconi respectfully requests that Plaintiff's claims be dismissed in their entirety and that Marconi be granted such other and further relief to which it shall show itself entitled.

**AFFIRMATIVE DEFENSES**

Defendant Marconi asserts the following as separate and distinct affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted for copyright infringement.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted for misappropriation of trade secrets.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims against Marconi are barred in whole or in part due to an actual or implied license or contract existing between Marconi and Plaintiff which granted Marconi permission to use and reproduce the IPLS portion of the Objectivity/DB software.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Marconi had a written license to use and reproduce the Objectivity/DB software, which includes the IPLS portion of the Objectivity/DB software.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Marconi are moot in whole or in part because Marconi and its customers are no longer using the IPLS portion of the Objectivity/DB software.

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

6

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Marconi are barred in whole or in part because Marconi acted in good faith at all times in connection with the use of the IPLS portion of the Objectivity/DB software.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel by reason of Plaintiff's agreement that Marconi could install and use the IPLS portion of the Objectivity/DB software.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of ratification by reason of Plaintiff's agreement that Marconi could install and use the IPLS portion of the Objectivity/DB software.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of waiver by reason of Plaintiff's agreement that Marconi could install and use the IPLS portion of the Objectivity/DB software.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by Plaintiff's fraudulent conduct in inducing Marconi to use the IPLS portion of the Objectivity/DB software.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands because Plaintiff fraudulently induced Marconi to use the IPLS portion of the Objectivity/DB software.

**COUNTERCLAIM**

Defendant-Counterclaimant Marconi Communications, Inc. ("Marconi") counterclaims against Plaintiff-Counterdefendant Objectivity, Inc. ("Objectivity") and alleges as follows:

**PARTIES**

1.      Marconi is a corporation organized under the laws of the State of Delaware, with its principal offices in Pittsburgh, Pennsylvania.  Marconi is a telecommunications company that, among other things, provides products and services to telephone companies across the United States.

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

7

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

2.      Objectivity is a corporation organized under the laws of the State of California with its principal offices, upon information and belief, in Mountain View, California. Objectivity develops and sells software products.  Objectivity has already appeared in this action.

## JURISDICTION

3.      This Court has subject-matter jurisdiction over Marconi's counterclaims pursuant to 28 U.S.C. § 1367(a).

## FACTUAL BACKGROUND

4.      Effective December 31, 1999, Marconi and Objectivity entered a "VAR Master Agreement" ("VAR Agreement").  Pursuant to the VAR Agreement, in exchange for substantial consideration paid by Marconi, Objectivity granted Marconi a non-exclusive, worldwide, and nontransferable license to reproduce and use the following Objectivity software products:

(a)      Objectivity/DB

(b)      Objectivity C++

(c)      Objectivity for Java

(collectively the "Objectivity Software").  That license permitted Marconi to develop and deploy the Objectivity Software in connection with all Marconi Communications Access Division Element Management System (EMS) products, including Sub-Element Management System Products for a period of 39 months.

5.      As part of the VAR Agreement, in Section 6, Marconi and Objectivity entered a Maintenance and Support Services Agreement.  Pursuant to the maintenance and support provisions of the VAR Agreement, Objectivity agreed to provide maintenance and support for the Objectivity Software, to warrant those services, and to provide Marconi with updates and new releases of the Objectivity Software.  In addition to paying Objectivity a fee of over one million dollars for the license to use the Objectivity Software, in December 2000, Marconi pre-paid Objectivity $200,000 for Objectivity's maintenance and support services to be performed throughout 2001.

///

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

8

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

6.      After entering the VAR Agreement, Marconi began to deploy the Objectivity Software in connection with the EMS products that Marconi sells to its major customers, specifically, its MarcView products.  Shortly thereafter, Marconi began experiencing unidentified problems with the operations of the MarcView products at major customer sites. Marconi investigated the product failures and in or about February of 2001, Marconi definitively determined that the problems that it was experiencing were attributable to the Objectivity Software.  More specifically, the Objectivity Software was experiencing a "lock server problem" that caused the Marconi MarcView product to malfunction.  Marconi promptly reported the lock server problem to Objectivity and requested that Objectivity remedy the problem.

7.      Over a period of months, Objectivity provided Marconi with numerous updates and new releases of the Objectivity/DB software claiming that each would remedy the lock server problem.  However, Marconi's customers continued to experience product "crashes" that were highly visible and detrimental to Marconi's business interests and relations with its customers.  Throughout the time that Objectivity failed to resolve the lock server problem, Marconi incurred substantial expenses in isolating the lock server problem, working with Objectivity to formulate a "fix," providing support to customers as a result of product crashes related to the lock server problem, and explaining to customers how to resolve it in the future.

8.      Despite all purported attempts by Objectivity to remedy the Objectivity Software "bug," the lock server problem persisted.  Marconi became gravely concerned about the performance and reputation of its product being compromised by the Objectivity Software failures.  Marconi was especially concerned about how this would affect its major customers, such as BellSouth, as Marconi was working to meet customer delivery deadlines.

9.      In or about June 2001, Objectivity determined that if the selection "IPLS" were chosen when installing the Objectivity/DB software at a Marconi customer site, the lock server problem would be remedied.  That is, the Objectivity/DB software is "downloaded" or installed at a customer site to be used as the database interacting with the Marconi MarcView product.  During the download or installation process, the technician checks off various boxes that in turn activate portions of the Objectivity/DB software.  One box that can be "checked off"

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

9

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

and thereby activated is the IPLS.  Selecting "IPLS" ("IPLS Selection") fixed the lock server problem.

10.     Representatives of Marconi met with representatives of Objectivity on or about June 21, 2001, to try to resolve the problems that had arisen from the defective Objectivity Software.  In that meeting, the Objectivity representatives acknowledged that Objectivity could not isolate and fix the lock server problem endemic to its Objectivity/DB Software release 5.x.  However, they claimed that the software bug would be eliminated in connection with its Objectivity/DB release 6.1.5.  They asked Marconi to accept the new release as the needed "fix."

11.     The Marconi representatives informed the Objectivity representatives that because the alleged "fix" would be contained in a new release, Marconi would need to test the new release in its laboratory to ensure that:  (1) the lock server problem was indeed eradicated and (2) the software otherwise performed adequately.  In the meantime, Marconi needed the software already in use at customer sites to be fixed immediately or Marconi would miss critical delivery deadlines and suffer losses in customer good will and potential monetary penalties.

12.     The Objectivity representatives suggested that, in light of Objectivity's inability to remedy the lock server problem except through use of the IPLS Selection, Objectivity would agree that Marconi should use the IPLS Selection, including at customer sites, until such time as Marconi had the opportunity to test and determine if Objectivity's release 6.1.5 of the Objectivity/DB software remedied the lock server problem without use of the IPLS Selection.  Because they claimed that Marconi did not otherwise have a license to use the IPLS Selection under the VAR Agreement, they urged Marconi to evaluate IPLS while simultaneously using it as a "fix" to the Objectivity Software defects.  Objectivity was very interested in selling the IPLS Selection to Marconi and indicated that it would send Marconi a quotation for Marconi to purchase a license in the IPLS Selection in the event that Marconi should decide that it liked the performance enhancements that would be gained through use of the IPLS Selection.

13.     Thereafter, in accordance with the oral agreement relating to Marconi's use and reproduction of the IPLS Selection, Marconi accepted delivery of the Objectivity/DB Release 6.1.5 and started testing it in its laboratory.  In reliance on Objectivity's representations,

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

10

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

consent, and permission to use the IPLS Selection at Marconi customer sites, Marconi began installing the IPLS Selection at various customer sites to resolve the lock server problem.

14.     On or about July 2, 2001, Objectivity submitted a proposal to Marconi regarding Marconi's acquisition of a license to permanently use the IPLS Selection.  In or about the second week of July 2001, Marconi informed Objectivity that it would not purchase the IPLS Selection for permanent use on the terms proposed; Marconi simply wanted Objectivity to fix the software Marconi had already purchased from it.

15.     After Marconi informed Objectivity that it would not purchase IPLS Selection on the terms offered, Marconi received a letter from Objectivity's CFO, Burt Taylor, demanding that Marconi cease and desist usage of the IPLS Selection.  Marconi relied and acted upon Objectivity's urging in using the IPLS Selection at customer sites.  Marconi is informed and believes that Objectivity's sudden change in position was motivated by its desire to force Marconi to pay a commercially unreasonable sum for a license on the IPLS Selection or face prosecution for alleged copyright infringement.  Eventually, Objectivity filed a lawsuit against Marconi purporting to allege claims for copyright infringement and trade secret misappropriation in connection with Marconi's use of the IPLS Selection, a use that Objectivity had authorized.

16.     Marconi is informed and believes that Objectivity's attempt to revoke its permission to use the IPLS Selection and its lawsuit are the culmination of a scheme by Objectivity to extract uncontracted for payments from Marconi.  The Objectivity representatives enticed Marconi into utilizing the IPLS Selection knowing that Objectivity would seek to revoke its consent to such use if Marconi did not accede to Objectivity's payment demands.

17.     The VAR Agreement grants Marconi a license to reproduce and use the "Objectivity/DB" software.  To the extent such software is copyrighted, upon information and belief, the IPLS Selection is merely one aspect of the copyrighted work to which Marconi has a license.  Consequently, Objectivity's claims that Marconi had no right to the IPLS Selection were false.

/ / /

/ / /

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

11

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

## FIRST CAUSE OF ACTION

### (Breach of Warranty)

18.     Marconi incorporates and realleges paragraphs 1 through 17 of its Counterclaim herein.

19.     Marconi and Objectivity entered the VAR Agreement which contained numerous representations and warranties to which Objectivity is bound.

20.     Pursuant to section 9.2 of the VAR Agreement, Objectivity warranted that the Objectivity Software would "provide the facilities and functions and perform substantially in accordance with the technical specifications . . . for a period of thirty days following the date of delivery to (Marconi)."  Objectivity also clarified in its warranties that "repair or replacement of a part, code, or other item will be warranted so long as VAR is receiving maintenance and support services or thirty days, whichever is longer."  Because Marconi prepaid for maintenance and support services through the end of the year 2001, Objectivity's warranty extends at least until December 31, 2001.  Contrary to its warranty, the Objectivity Software did not provide the warranted facilities and functions or perform as represented.  Therefore, Objectivity breached its warranty to Marconi.

21.     The VAR Agreement further provides that the maintenance and support services under it "will be performed consistent with generally accepted industry standards."  As previously shown, Objectivity failed and refused to comply with this warranty; therefore, it breached it.

22.     The foregoing breaches of warranty were the proximate cause of direct damages to Marconi for which it sues.

23.     The express warranties breached by Objectivity are contained in a written contract, the VAR Agreement, and the VAR Agreement, by its terms, is governed by Texas law.  Pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, in addition to its claim for damages and costs, Marconi is entitled to recover its attorney's fees in prosecuting this claim.

/ / /

/ / /

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

12

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

## SECOND CAUSE OF ACTION

### (Declaratory Judgment)

24.     Marconi incorporates and realleges paragraphs 1 through 23 of its Counterclaim herein.

25.     An actual controversy has arisen and now exists between Marconi and Objectivity concerning their respective rights and duties under the written and/or oral agreement between the parties with respect to Marconi's use of the IPLS Selection.

26.     Marconi desires a judicial determination of its rights and duties, and a declaration as to the parties' rights and obligations respecting the written and/or oral agreement between the parties with respect to Marconi's use of the IPLS Selection.

27.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Marconi may ascertain its rights and duties respecting the written and/or oral agreement between the parties with respect to Marconi's use of the IPLS Selection.

28.     Marconi requests that the declaration of rights and obligations between the parties include, among other declaratory relief, the following:

a.     Marconi utilized the IPLS Selection in accordance with the written VAR Agreement between Marconi and Objectivity.

b.     Marconi utilized the IPLS Selection in accordance with the oral agreement between Marconi and Objectivity.

c.     Objectivity granted Marconi an express and/or implied license to use and reproduce the IPLS Selection in connection with the MarcView products, including at customer sites.

d.     On the basis of this an express and/or implied license, Marconi's use of the IPLS Section did not violate the federal Copyright Act, 17 U.S.C., Sections 101 *et seq.*

e.     On the basis of this an express and/or implied license, Marconi's use of the IPLS Section did not violate the Uniform Trade Secrets Act, California Civil Code section 3426, *et seq.*

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

13

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

f.      Objectivity suffered no injury as a result of the alleged illegal conduct of Marconi.

## THIRD CAUSE OF ACTION

### (Fraud)

29.    Marconi incorporates and realleges paragraphs 1 through 28 of its Counterclaim herein.

30.    Objectivity made false or reckless representations or material omissions to Marconi to induce Marconi into utilizing the IPLS Selection.  Objectivity intended for Marconi to, and Marconi did, rely on Objectivity's misrepresentations and omissions and Marconi's reliance was justifiable.  As a result of the misrepresentations and omissions, Marconi has sustained actual damages in an amount to be determined at trial, but that includes Marconi's damages resulting from installing and deinstalling the IPLS Selection and any other damages proximately caused by Objectivity's fraud.

31.    Objectivity acted deliberately and with malicious intent, justifying an award to Marconi of punitive or exemplary damages in an amount to be determined by the jury

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation)

32.    Marconi incorporates and realleges paragraphs 1 through 31 of its Counterclaim herein.

33.    On or about June 21, 2001, Objectivity negligently misrepresented to Marconi that Marconi was permitted to use the IPLS Selection, including at customer sites, in order to evaluate IPLS while simultaneously using it as a "fix" to the Objectivity Software defects.  The representations made by Objectivity were, in fact, false.

34.    When Objectivity made the representations it had no reasonable ground for believing them to be true in that Objectivity had no plan to so permit such use of the IPLS Selection.

35.    Objectivity made these representations with the intention of inducing Marconi to act in reliance on these representations in the manner hereafter alleged, or with the

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

14

Case Number: C 01-20927 JF (PVT)
DEFENDANT MARCONI COMMUNICATIONS,
INC.'S ANSWER AND COUNTERCLAIM

1    expectation that Marconi would so act.

2        36.    Marconi, at the time these representations were made by Objectivity and at

3    the time Marconi took the actions herein alleged, was ignorant of the falsity of Objectivity's

4    representations and believed them to be true.  In justifiable reliance on these representations,

5    Marconi was induced to and did: (1) accept delivery of the Objectivity/DB Release 6.1.5 and

6    start testing it in its laboratory; and (2) install the IPLS Selection at various customer sites to

7    resolve the lock server problem.  Had Marconi known the actual facts, it would not have taken

8    such actions.  Marconi's reliance on Objectivity's representations was justified because these

9    representations were made by representatives of Objectivity in the course of serious business

10   discussions.

11       37.    Marconi has sustained actual damages in an amount to be determined at

12   trial, but that includes Marconi's damages resulting from installing and deinstalling the IPLS

13   Selection and any other damages proximately caused by Objectivity's negligent

14   misrepresentation.

15                              **<u>PRAYER</u>**

16       WHEREFORE, Counter-Plaintiff Marconi Communications, Inc. prays that:

17   1.    The Court enter a declaratory judgment as requested herein;

18   2.    For recovery of damages;

19   3.    For its costs of suit and attorneys' fees incurred herein;

20   4.    For such other and further relief as the court may deem just.

21

22   Dated:  November 7, 2001                 Respectfully submitted,

23                                            LATHAM & WATKINS
                                                Linda M. Inscoe
24                                              Gabriel G. Gregg

25

26                                           By  *electronic signature authorized*
                                                Linda M. Inscoe
27                                           Attorneys for Defendant
                                             MARCONI COMMUNICATIONS, INC.

28

Latham & Watkins
ATTORNEYS AT LAW
SAN FRANCISCO

15                    Case Number: C 01-20927 JF (PVT)
                      DEFENDANT MARCONI COMMUNICATIONS,
                      INC.'S ANSWER AND COUNTERCLAIM